COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION NO. ____
CIVIL ACTION NO. 08-CI-_____

ESTATE OF CARLA J. MEADE, through
the ADMINISTRATOR THOMAS RAY MEADE      PLAINTIFF

VS.      COMPLAINT

JOYCE ARNOLD, Individually
and as an AGENT OF CORRECTIONS
CORPORATION OF AMERICA and
CORRECTIONS CORPORATION OF
AMERICA      DEFENDANTS

NO. 08-CI-00398
FILED 2 DAY OF April 20 08
SUMMONS AND ____ COPIES ISSUED
FLOYD CIRCUIT & DISTRICT COURT ____ D.C.
BY ____

     SERVE:     Joyce Arnold, Warden
     Otter Creek Correctional Center
     P.O. Box 500
     Wheelwright, Kentucky 41669

     Corrections Corporation of America
     CT Corporation System
     Kentucky Home Life Bldg.
     Louisville, Kentucky 40202

***************

Comes the Plaintiff, by and through counsel, and for his complaint states as follows:

1. The Plaintiff, Thomas Ray Meade, states that he was appointed the Administrator of the Estate of Carla J. Meade by order of the Floyd Probate Court on January 28, 2008.

2. Carla J. Meade died of a gunshot wound on January 22, 2008, at the Otter Creek Prison located in Wheelwright, Floyd County, Kentucky.

3. The Defendant, Joyce Arnold, during the relevant time period as stated in this complaint, was the warden of the Otter Creek Prison which is operated by the Defendant,

Corrections Corporation of America, and the Defendant Arnold acted as an agent for the Defendant Corrections Corporation of America.

4. In the months prior to her death, the decedent, Carla J. Meade, was employed as the Administrative Department Secretary at the Otter Creek Correctional Center. In months prior to the death of the decedent, the decedent was experiencing health problems arising from the medical condition diabetes. As a result of her diabetic condition, the decedent missed several days of work and was, in fact, hospitalized for treatment of her diabetic condition on January 16, 2008.

5. The Defendant(s) were aware that the decedent was suffering from diabetes and that her diabetic condition caused her to occasionally be unable to work.

6. On January 16, 2008, the decedent was hospitalized at the McDowell Appalachian Regional Hospital in McDowell, Floyd County, Kentucky due to her diabetic condition. The decedent was hospitalized from January 16, 2008, until her discharge on January 18, 2008.

7. The Defendant(s) in retaliation for the decedent being ill, being diabetic, and missing work caused the Plaintiff to be demoted by personally causing a letter to be delivered to her on January 16, 2008, while she was hospitalized. The letter in question read as follows:

01/16/08

**Carla J Meade**
**PO Box 217**
**Wheelwright, Kentucky 41669**

**Dear Ms. Meade:**

    This letter is to inform you that you are being transferred from your current position as the Administrative Department Secretary at Otter Creek Correctional Center. Your new position will be in the Security Department as the Secretary under the direction of the Chief of Security, Tina Hodge.

    This departmental transfer is by the order of Warden Joyce Arnold, and will be effective immediately. A PSN will follow describing the reason(s) for this transfer upon your return to work.

    Sincerely,

    Warden

Upon receiving the letter, the decedent suffered extreme emotional damage and immediately fell into a deep suicidal depression.

8. On January 22, 2008, the next day the Plaintiff's decedent was to report to work, she had a meeting with the Defendant Arnold. At that meeting, the Defendant Arnold callously advised the decedent that she was being demoted for reasons apparently having to do with the fact that the deceased was a diabetic and had missed work for medically related reasons.

9. As a result of the job actions and the statements of the Defendant Arnold, the decedent committed suicide and died on the premises of the Defendant(s).

10. The Kentucky Supreme Court has held in the case of <u>Kroger vs. Willgruber</u>, 927 S.W.2d 61 that a claim for outrageous conduct can be maintained in the context of outrageous employment practices. The Plaintiff alleges that the Defendant(s) in this action engaged in conduct that was more egregious than the practices described in <u>Kroger vs. Willgruber</u>.

11. The actions of the Defendant(s) in unilaterally and summarily demoting the decedent due to medical problems, serving the decedent with a demotion letter while

she was hospitalized for those medical problems, and maintaining that the decedent's illness was grounds to demote an employee is conduct that is utterly intolerable in a civilized society and constitutes intentional and outrageous conduct, giving rise to a claim for punitive damages.

12. As a result of the actions of Defendants, the decedent experienced extreme and severe pain and suffering during the time period referenced in this complaint, which caused the decedent to take her own life.

WHEREFORE, the Plaintiff seeks relief as follows:

1. A judgment against the Defendants.

2. Compensation for the decedent's pain and suffering, lost earnings and funeral bill.

3. An assessment of punitive damages against the defendants.

4. Trial by jury.

5. Any and all other relief deemed appropriate.

RESPECTFULLY SUBMITTED,

_____
NED PILLERSDORF
PILLERSDORF, DEROSSETT & LANE
124 WEST COURT STREET
PRESTONSBURG, KENTUCKY 41653
PH: (606) 886-6090